IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN D. ANDERSON, | : | |
|     Plaintiff | : | |
| | : | No. 1:15-CV-878 |
| v. | : | |
| | : | (Judge Kane) |
| DAUPHIN COUNTY ADULT | : | (Magistrate Judge Saporito) |
| PROBATION OFFICE, et al., | : | |
|     Defendants | : | |
| | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 6, 2015, Plaintiff Warren D. Anderson, an inmate incarcerated at the State Correctional Institution at Camp Hill, filed this civil action asserting Fourth Amendment unreasonable search and excessive force claims and an Eighth Amendment excessive force claim pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Anderson also asserted supplemental state law claims for unreasonable search and seizure under the Pennsylvania Constitution and official oppression under a Pennsylvania criminal statute. (Id.) Pursuant to a February 26, 2016 Order of this Court, all claims against all Defendants, with the exception of Defendant Walton, were dismissed for failure to state a claim. (Doc. No. 50.) Accordingly, only Anderson's Fourth Amendment excessive force claim against Defendant Walton remains pending. (Id.)

This action arises out of an incident that occurred in May 2013, when officers from the Dauphin County Adult Probation Office, the Dauphin County Sheriff's Department, and the Lower Paxton Police Department sought to execute an arrest warrant on an individual named Kevin Ramos, who they believed resided at 2308 Orange Street in Harrisburg, Pennsylvania, the home where Anderson resided. After the officers entered the home, they searched upstairs and

1

found Anderson in the bathroom, where the officers later claimed to have observed him flushing illegal narcotics down the toilet. (Doc. No. 68-4.) Anderson was handcuffed and taken downstairs where he was instructed to sit on the couch. (Doc. No. 68-3 at 57-58.) In his affidavit, Defendant Walton stated that "[a]s Anderson was detained it became obvious that he placed illegal narcotics in his mouth in an effort to either swallow or secrete the illegal drugs." (Doc. No. 68-4 at 1.) Walton stated that Anderson failed to comply with Walton's directive to spit the drugs out of his mouth. (Id. at 1-2.) Upon Anderson's failure to comply, Walton discharged the Taser three times into Anderson's stomach. (Id. at 2, 3, 4, 6, 8.) Subsequently, Anderson spit several cocaine packets out of his mouth. (Doc. No. 68-3 at 66-72, 82, 98.) Anderson asserts a Fourth Amendment excessive force claim against Walton arising out of his discharge of his Taser three times into Anderson's stomach while Anderson was handcuffed and sitting on the couch. (Doc. No. 1.)

Now before the Court is the Report and Recommendation of Magistrate Judge Saporito addressing a motion for summary judgment (Doc. No. 62), and amended motion for summary judgment (Doc. No. 67), filed by Defendant Walton. (Doc. No. 77.) In his Report and Recommendation, Magistrate Judge Saporito recommends granting summary judgment in favor of Defendant Walton, as he finds that, despite the existence of genuine issues of material fact as to whether Defendant Walton's actions were objectively reasonable under the circumstances, Walton is nevertheless entitled to qualified immunity, as it was not "clearly established" that a police officer may not discharge his Taser on an <u>uncooperative</u> handcuffed arrestee who refuses to comply with a justifiable law enforcement objective (that is, searching Anderson's mouth to prevent him from destroying contraband or harming himself) after multiple warnings. (Id. at 16-

17.)

Anderson has filed objections to the Report and Recommendation. (Doc. No. 78). Specifically, Anderson objects to Magistrate Judge Saporito's finding that Defendant Walton is entitled to qualified immunity, on the basis that Defendant Walton's actions violated a clearly established constitutional right of which a reasonable officer would have been aware.[1] (Id. at 2-3.) Having considered this filing, the Court finds that Magistrate Judge Saporito correctly and comprehensively addressed the substance of Anderson's objection in the Report and Recommendation. (Doc. No. 77.) Accordingly, the Court will not write separately to address Plaintiff's objection.

**AND SO**, upon independent review of the record and applicable law, on this 18th day of May 2017, **IT IS ORDERED THAT**:

1. Magistrate Judge Saporito's Report and Recommendation (Doc. No. 77), is **ADOPTED**;

2. Defendant Walton's motion for summary judgment and amended motion for summary judgment (Doc. Nos. 62, 67), are **GRANTED**; and

---

[1] The Court notes that on May 11, 2017, while Magistrate Judge Saporito's Report and Recommendation, and Anderson's objections thereto, were pending before this Court, Anderson filed a document entitled "Notice of Appeal," wherein he purports to appeal Magistrate Judge Saporito's Report and Recommendation. (Doc. No. 79.) As appeals can only be taken from final decisions of a district court (see 28 U.S.C. § 1291), except in very limited circumstances not applicable here (see 28 U.S.C. § 1292), Anderson's "Notice of Appeal" is a legal nullity. Thus, the Court construes the filing as a second, albeit untimely, objection to Magistrate Judge Saporito's Report and Recommendation. See Local Rule 72.3. As this second objection asserts only a general objection to the conclusion of Magistrate Judge Saporito's Report and Recommendation, it raises no new issues for the Court's consideration.

3. The Clerk of Court is directed to enter judgment in favor of Defendant Walton, and close the case.

          s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania